IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| **FRANCISCO MAGALLANES**<br>131 East Elm St<br>Deshler, Ohio 43516<br><br>Plaintiff,<br><br>v.<br><br>**HEARTHSIDE FOODS, LLC**<br>312 Rader Rd<br>McComb, Ohio 45858<br><br>Defendant. | Case No<br><br>Judge<br><br>**COMPLAINT; JURY DEMAND**<br>**ENDORSED HEREON**<br><br>Francis J. Landry   (0006072)<br>**WASSERMAN, BRYAN, LANDRY**<br> **& HONOLD, LLP**<br>1090 W. South Boundary St<br>Suite 500<br>Perrysburg, Ohio 43551<br>Telephone:  (419) 243-1239<br>Facsimile:  (419) 243-2719<br>Email: FLandry308@aol.com<br>Attorney for Plaintiff<br>Francisco Magallanes |

\*   \*   \*   \*   \*   \*   \*   \*

## JURISDICTION

1.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. Section 1331, 1337, 1343, 2201 and 2202.  This is an action for a violation of 42 U.S.C. Sections 2000e et seq., known as Title VII of the Civil Rights Act of 1964 as amended and as amended by the Civil Rights Act of 1991. This action, in part, is one for money damages, reinstatement, and liquidated damages resulting from an alleged unlawful termination of employment in violation of the Civil Rights Act of 1964 as amended by the Civil Rights Act of 1991. This action is also for a violation of the Age Discrimination in Employment Act.  On November 25, 2014, Plaintiff filed a charge of

discrimination with the Equal Employment Opportunity Commission on the basis of national origin, and age, charge number 22A-2015-00482 attached hereto and incorporated by reference, as Exhibit A.  On September 30, 2015, the district director of the EEOC notified Plaintiff of his right to file suit within ninety days in an appropriate federal district court, attached hereto as Exhibit B.  This Court's supplemental jurisdiction is also invoked over state law claims of national origin discrimination.

## PARTIES

2.      Plaintiff, Francisco Magallanes, is a citizen of the United States, and a resident of the City of Deshler, County of Henry, State of Ohio.  At all times material hereto, Plaintiff was an employee of an employer within the meaning of the the Age Discrimination in Employment Act, the Civil Rights Act, and Chapter 4112 of the Ohio Revised Code, in that Defendant is an employer who employed more than twenty (20) employees at all times material hereto.

3.      Plaintiff states that the Defendant Hearthside Foods, LLC is a limited liability company duly licensed to do business in the state of Ohio, with a place of business in the City of McComb, County of Hancock, State of Ohio.  At all relevant times, Defendant was an employer within the meaning of the Civil Rights Act, the Age Discrimination in Employment Act, and the Ohio Revised Code Chapter 4112.

## GENERAL ALLEGATIONS

4.      Plaintiff brings this action for damages and injunctive relief for an unlawful termination of his employment.  Plaintiff alleges that in terminating him, the Defendant did so in violation of Title VII of the Civil Rights Act, the Age Discrimination in Employment Act, and Chapter 4112 of the Ohio Revised Code.

## FIRST CLAIM FOR RELIEF
### Title VII of the Civil Rights Act of 1964, National Origin Discrimination

5.     Plaintiff incorporates each and every allegation contained in paragraphs one (1) through four (4) of this Complaint, supra, by reference in its entirety as if fully restated herein.

6.     Plaintiff is an individual who was born in Mexico. Plaintiff began his employment with Defendant on September 4, 1990. His most recent position was that of machine operator. On May 28, 2014, he was terminated, allegedly because of a safety issue. Allegedly, Plaintiff violated a lock out tag out safety process. However, Defendant's proffered reason for Plaintiff's termination was false and pretextual, as Plaintiff performed his job to his employer's reasonable expectations, and there was a company practice concerning this issue. Plaintiff was working on the machine in full view of his supervisor, who was assisting him. The Supervisor did not follow the lock out tag out process, and did not tell Plaintiff to follow the process.

7.     Plaintiff states that similarly situated American employees were not disciplined or terminated over the same issues which Plaintiff was disciplined and terminated. Furthermore, the supervisor who was assisting Plaintiff on the machine did not follow the lock out tag out process, but was not disciplined in any way.

8.     Plaintiff states that similarly situated American employees were more favorably treated. They were permitted not written up for the same issues as Plaintiff and were retained in their positions. In terminating Plaintiff, Defendant has intentionally discriminated against him on the basis of his national origin in violation of Title VII of the Civil Rights Act of 1964 as amended and as amended by the Civil Rights Act of 1991, 42 U.S.C. Sections 2000e et seq.

9.     As a proximate result of the actions of Defendants as complained of herein, Plaintiff has suffered the loss of his job position, back wages, fringe benefits, diminished earning capacity and great mental and emotional stress, anxiety, humiliation and embarrassment all to his damage. Plaintiff has also been forced to expend litigation expenses and attorney's fees.

## SECOND CLAIM FOR RELIEF
## Ohio Revised Code Section 4112.02, National Origin Discrimination

10.     Plaintiff incorporates each and every allegation contained in paragraphs one (1) through nine (9) of this Complaint, supra, by reference in its entirety as if fully restated herein.

11.     Plaintiff is an individual who was born in Mexico. Plaintiff began his employment with Defendant on September 4, 1990. His most recent position was that of machine operator. On May 28, 2014, he was terminated, allegedly because of a safety issue. Allegedly, Plaintiff violated a lock out tag out safety process. However, Defendant's proffered reason for Plaintiff's termination was false and pretextual, as Plaintiff performed his job to his employer's reasonable expectations, and there was a company practice concerning this issue. Plaintiff was working on the machine in full view of his supervisor, who was assisting him. The Supervisor did not follow the lock out tag out process, and did not tell Plaintiff to follow the process.

12.     Plaintiff states that similarly situated American employees were not disciplined or terminated over the same issues which Plaintiff was disciplined and terminated. Furthermore, the supervisor who was assisting Plaintiff on the machine did not follow the lock out tag out process, but was not disciplined in any way.

13.     In disciplining Plaintiff and in terminating him, Defendant has intentionally discriminated against him on the basis of his national origin in violation of Ohio Revised Code Section 4112.02(A) made actionable pursuant to Ohio Revised Code Section 4112.99 as amended.

14.     As a proximate result of the actions of Defendants as complained of herein, Plaintiff has suffered the loss of his job position, back wages, fringe benefits, diminished earning capacity and great mental and emotional stress, anxiety, humiliation and embarrassment all to his damage. Plaintiff has also been forced to expend litigation expenses and attorney's fees.

## THIRD CLAIM FOR RELIEF
### ADEA--29 U.S.C. Sections 621 et seq.

15. Plaintiff incorporates each and every allegation contained in paragraphs one (1) through fourteen (14) of this Complaint, supra, by reference in its entirety as if fully restated herein.

16. Plaintiff was in the age group protected by 29 U.S.C. Sections 621 et seq. as he is fifty-five (55) years of age. At all times material hereto, Plaintiff was meeting or exceeding his employer's legitimate expectations as a machine operator. On May 28, 2014, he was terminated, allegedly because of a safety issue. Allegedly, Plaintiff violated a lock out tag out safety process. However, Defendant's proffered reason for Plaintiff's termination was false and pretextual, as Plaintiff performed his job to his employer's reasonable expectations, and there was a company practice concerning this issue. Plaintiff was working on the machine in full view of his supervisor, who was assisting him. The Supervisor did not follow the lock out tag out process, and did not tell Plaintiff to follow the process. Upon information and belief, Plaintiff's position was not eliminated as it was filled after his discharge by a person who is more than twenty years younger than Plaintiff.

17. Plaintiff states that his termination permitted the retention of significantly younger employees. Plaintiff states that Defendant terminated his employment because of his age.

18. Plaintiff states that Defendant has unlawfully and/or willfully discriminated against him on the basis of age in violation of 29 U.S.C. §621 et seq.

19. As a proximate cause of the acts complained of, Plaintiff has suffered the loss of his job position, diminished earning capacity, lost wages, benefits, great mental and emotional distress, anguish, humiliation and embarrassment. Plaintiff has also been forced to expend litigation expenses and attorney's fees.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff demands a judgment against Defendant ordering reinstatement and back wages, or in lieu of reinstatement, back and front pay, for compensatory and punitive damages for emotional distress, anxiety, humiliation and embarrassment plus his costs, interest and reasonable attorney fees. Plaintiff also seeks an amount of liquidated damages equal to his damages and his costs and attorneys fees all together with prejudgment and post judgment interest. Plaintiff further prays for whatever other legal or equitable relief he may appear to be entitled to.

Respectfully submitted,

s/Francis J. Landry
Francis J. Landry
Attorney for Plaintiff, Francisco Magallanes

**JURY DEMAND**

Plaintiff demands a trial by a jury of her peers on all issues triable of right by jury.

Respectfully submitted,

s/Francis J. Landry
Francis J. Landry
Attorney for Plaintiff, Francisco Magallanes